UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNDERLAND ASSOCIATION FOOTBALL CLUB LIMITED,<br><br>    PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    DEFENDANTS. | CASE NO.: 1:20-CV-06782<br><br>JUDGE EDMOND E. CHANG<br><br>MAGISTRATE JUDGE SHEILA M. FINNEGAN |

**<u>FINAL JUDGMENT ORDER</u>**

This action, having been commenced by Sunderland Association Football Club Limited against the Defendants identified in the attached Amended Schedule A, and using the online marketplace accounts (also referred to as the "Defendant Internet Stores" or "Seller Aliases"), and Sunderland, having moved for entry of Default and Default Judgment against the Defendants identified in Amended Schedule A (attached and collectively referred to as the "Defaulting Defendants");

This Court, having entered upon a showing by Sunderland, a Temporary Restraining Order and Preliminary Injunction against Defaulting Defendants, which included an asset restraining order;

Sunderland, having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and,

1

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants, because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. In the context of similar cases, ". . . a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In the present case, Plaintiff has presented screenshot evidence that each Defaulting Defendant Internet Store is reaching out to do business with Illinois residents, by operating one or more commercial, interactive Internet Stores, through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademarks (the "Counterfeit/Infringing Products"). See Docket No. 10, which includes screenshot evidence, confirming that each Defaulting Defendant Internet Store does stand ready, willing, and able to ship the counterfeit goods to customers in Illinois, and the goods of which bear infringing and/or counterfeit versions of the Sunderland AFC Trademarks, U.S. Trademark Registration Nos. 5,922,669; 5,970,790; and 5,993,940.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that Sunderland Association Football Club Limited's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Sunderland AFC Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sunderland Product or not authorized by Sunderland to be sold in connection with the Sunderland AFC Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sunderland Product or any other product produced by Sunderland, that is not Sunderland's or not produced under the authorization, control or supervision of Sunderland and approved by Sunderland, for sale under the SAFC Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Sunderland, or are sponsored by, approved by, or otherwise connected with Sunderland;

    d. further infringing the Sunderland AFC Trademarks and damaging Sunderland's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

3

    not manufactured by or for Sunderland, nor authorized by Sunderland to be sold or offered for sale, and which bear any of the Sunderland AFC Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

  f. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants sell Counterfeit/Infringing Products; and,

  g. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sunderland AFC Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, that is not a genuine Sunderland Product, or not authorized by Sunderland to be sold in connection with the Sunderland AFC Trademarks.

2. Those in privity with Defaulting Defendants, and with actual notice of this Order, including any online marketplaces such as ContextLogic, Inc. ("Wish"), eBay, Inc. ("eBay"), Amazon Payments, Inc. ("Amazon"), Etsy Inc. ("Etsy"), Alipay US, Inc. ("Alipay"), iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within ten (10) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the Sunderland AFC Trademarks, including any accounts associated with the Defaulting Defendants listed on Amended Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Sunderland AFC Trademarks; and

    c. take all steps necessary to prevent links to the Seller Aliases identified on Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Sunderland is awarded statutory damages from each of the Defaulting Defendants in the amount of $25,000 for willful use of counterfeit Sunderland AFC Trademarks on products sold through at least the Defendant Internet Stores. The requested amount ($500,000) is much too much considering the modest price of the clothing ($6.99-$12.89). Also, the online stores do not show any other indicia of high-volume sales; for example, the number of "followers" for each store is in the low 20s, and there do not appear to be a large number of reviews of the items. R. 10-2. The $25,000 award is sufficient to provide for some measure of competition and for deterrence.

4. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by eBay, PayPal, Wish, Amazon, Etsy, Alipay, and any other payment processor, are hereby released to Sunderland as partial payment of the above-identified damages, and eBay, PayPal, Wish, Amazon, Etsy, and Alipay are ordered to release to Sunderland the amounts from Defaulting Defendants' eBay, PayPal, Wish, Amazon, Etsy, and Alipay accounts within ten (10) business days of receipt of this Order.

5. In the event that Sunderland identifies any additional online marketplace accounts, domain names, third-party payment processors, and/or financial accounts owned by Defaulting Defendants, Sunderland may send notice of any supplemental proceeding to Defaulting

       Defendants by e-mail at the e-mail addresses originally identified and served, and any e-mail addresses provided for Defaulting Defendants by third parties.

6. The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk to Plaintiff or Plaintiff's counsel.

This is a Final Judgment.

Dated: January 25, 2021

                                    *Edmond E. Chang*
                               United States District Court Judge
                               Edmond E. Chang

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUNDERLAND ASSOCIATION FOOTBALL CLUB LIMITED,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:20-CV-06782<br><br>JUDGE EDMOND E. CHANG<br><br>MAGISTRATE JUDGE SHEILA M. FINNEGAN |

## AMENDED SCHEDULE A

| NO. | DEFENDANT / SELLER ALIAS | MARKETPLACE URL |
|---|---|---|
| 1 | wuli dazha Store | https://www.aliexpress.com/store/4416022 |
| 2 | GGM02 Store | https://www.aliexpress.com/store/5598177 |